# NEW JERSEY MISCELLANEOUS REPORTS. 889

N. J. Dept. Labor—Chupik v. Fisher & Norris.

New Jersey Department of Labor,

Workmen's Compensation Bureau.

John Chupik, petitioner,

*vs.*

Fisher & Norris, respondents.

[Decided September 12th, 1924.]

On petition for compensation, determination of facts and rule for judgment. Claim Petition No. 2988.

**Employe's act of assistance to his superior employe in the operation of superior's car does not amount to wilful removal of himself from his employment.**

I do find and determine from the evidence as follows:

*First.* That John Chupik, the petitioner, was on June 26th, 1923, in the employ of Fisher & Norris, the respondent, as a laborer and molder's helper, which employment was subject to the compensation section of chapter 95, laws of 1911.

*Second.* That on the aforesaid date the petitioner met with an accident arising out of and in the course of the employment, and that intoxication was not the proximate cause of said accident nor was the injury intentionally self-inflicted.

*Third.* That the respondent herein had knowledge of said accident within the time prescribed in paragraph 15 of the aforesaid act.

*Fourth.* That the accident occurred as follows:

The petitioner was engaged in such work as was assigned him about ten feet from the gateway giving entrance to the

yard of the plant. Mr. Ross Carter, a molder, from whom the petitioner was accustomed to taking orders, was leaving the yard about three-thirty P. M., backing his car toward the gate, and he asked the petitioner to see if the way was clear. The petitioner traversed the intervening ten feet to the gateway and signaled for the car to come out. At this time in some unexplained way the petitioner was struck by the auto and experienced a broken leg. The testimony seems to establish that it was expected of any employe working near the gate to open it when anything was to enter or leave the yard. The petitioner states he had been told to do this and it is admitted he was never told not to do so. At such times it is the natural sequence to signal the driver if the way is clear. To me it seems irrelevant as to whether or not the gate was open. The pertinent fact in this situation is, that a molder's helper, who was accustomed to taking orders from the molder both in the plant and at times in the yard, and who in past had been told to obey such orders, was directed by the molder to perform a perfectly reasonable service. I am unable to arrive at the conclusion that the exercise of the obedience which was customary, causing the petitioner to move a matter of some fifteen feet from the point where he was engaged, constituted a wilful removing of himself from his employment, which consisted chiefly in doing that which the molders told him to do. To hold thus would assuredly do violence to the oft-repeated mandate of the upper courts, that the Compensation law is a remedial measure and should be construed liberally. A liberal view of this situation will certainly lead to no such conclusion.

*Fifth.* That as a result of said accident the petitioner suffered a temporary disability lasting from June 26th, 1923, to October 2d, 1923.

*Sixth.* That the petitioner is entitled to the medical expenses following the accident, amount to $166, of which the respondent furnished nothing.

*Seventh.* That the wages of the petitioner were $21 per week.

*Eighth.* That the petitioner is entitled to compensation from the respondent, for temporary disability, from July 6th, 1923, ten days after the accident, to October 1st, 1923, inclusive, at the rate of $12 per week.

It is therefore ordered that judgment final be entered in favor of the petitioner and that the respondent pay or cause to be paid to the petitioner the sum of $150.84 as compensation for temporary disability covering twelve weeks and four days in excess of the waiting period, together with $166 to cover medical expenses incurred. Also a counsel fee of $75 to be paid to the petitioner's attorney as counsel fee.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*